*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 25, 2024

Plaintiff-Appellee,

v

Nos. 363137; 363140
Delta Circuit Court
LC Nos. 21-010472-FH;
22-010660-FH

BRADLEY MICHAEL HARDWICK,

Defendant-Appellant.

Before: M. J. KELLY, P.J., and MARKEY and CAMERON, JJ.

PER CURIAM.

In these consolidated appeals, defendant, Bradley Hardwick, appeals by right the sentences imposed for his jury-trial convictions of assault with a dangerous weapon (felonious assault), MCL 750.82(1), inciting or procuring perjury, MCL 750.425, and attempted witness bribery or intimidation, MCL 750.122(7)(a); MCL 750.92. The trial court sentenced Hardwick as a third-offense habitual offender, MCL 769.11, to serve 43 months to 8 years' imprisonment for the felonious assault conviction, 3 to 10 years' imprisonment for the inciting or procuring perjury conviction, and 325 days in jail for the attempted witness bribery or intimidation conviction. Because there are no errors, we affirm.

## I. BASIC FACTS

On May 11, 2021, Hardwick was staying at Jennifer Halfaday's house with his girlfriend, Hannah Nelson, and his friend Bradley Vertz. Halfaday was away from the home when she received a text from Hardwick's girlfriend asking her to return to the house. When Halfaday arrived Hardwick and Vertz were asleep, and Hardwick's girlfriend could barely stand or talk. She was holding a "bottle, a little vial in one hand, and two syringes in the other." Halfaday took the items and put them away. She also tried to wake Hardwick and Vertz, but was unsuccessful.

Later that evening, Hardwick and his girlfriend got into an argument. Halfaday "told them to shut up and asked them what was going on." Hardwick's girlfriend screamed in Halfaday's face that Hardwick told her that she had to leave. Halfaday told Hardwick to "shut up, that nobody had to leave." In response, Hardwick yelled at Halfaday, grabbed her by the shoulders, and started "throwing" her around. Halfaday testified that, when Hardwick was throwing her around, she hit

the counters, cupboards, a wall, and a door. She stated that Hardwick also hit her with a sword on her back, shoulders, and legs. Hardwick held the sword over Halfaday and told her that he "should have done this a long time ago, bitch." Eventually, Vertz tackled Hardwick, who was eventually able to leave.

In his defense, Hardwick testified that he did not have a weapon and that he did not use a weapon against Halfaday. He admitted, however, that he did not know what had happened. Furthermore, he testified that he had offered to pay Vertz five hundred dollars to go to court and say that Hardwick never had a weapon and never used a weapon on Halfaday. He offered the money because that was a "valuable statement." He explained that he did not know what else to do because he did not know what happened and was hoping that Vertz would know what happened.

## II. SENTENCE

### A. STANDARD OF REVIEW

Hardwick argues that the trial court erred in scoring offense variables (OVs) 3 and 13 for his felonious assault conviction. "This Court reviews for clear error a trial court's findings in support of particular score under the sentencing guidelines but reviews de novo whether the trial court properly interpreted and applied the sentencing guidelines to the findings." *People v McFarlane*, 325 Mich App 507, 531-532; 926 NW2d 339 (2018). Clear error exists when this Court is "left with a definite and firm conviction that a mistake was made." *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2019).

### B. ANALYSIS

Hardwick first argues that OV 3 was improperly scored. OV 3 addresses "physical injury to a victim." MCL 777.33(1). A sentencing court is required to assess 10 points for OV 3 when "[b]odily injury requiring medical treatment occurred to a victim." MCL 777.33(1)(d). " '[R]equiring medical treatment' refers to the necessity for treatment and not the victim's success in obtaining treatment." MCL 777.33(3).

The presentence investigative report (PSIR) states that Halfaday had a "4-inch cut on her leg that was bleeding" and that she was transported to the hospital to treat the cut. Further, Halfaday testified that she had an x-ray on her leg that revealed a chip in her bone and that she needed to follow up with "an orthopedic" for this injury. On appeal, Hardwick argues that medical treatment was not required. However, given that Halfaday sustained a large cut, was bleeding, and had a chip in her bone as a result of the assault, the trial court did not clearly err by finding that medical treatment was required and scoring OV 3 at ten points.

Next, Hardwick argues that OV 13 was improperly scored. OV 13 addresses a "continuing pattern of criminal behavior." MCL 777.43(1). This includes "all crimes within a 5-year period, including the sentencing offense, . . . regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a). A trial court is required to assess 10 points for OV 13 if "[t]he offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property . . . ." MCL 777.43(1)(d). A single felonious act that results in multiple convictions cannot constitute a pattern of criminal behavior. *People v Carll*, 322 Mich App 690,

704; 915 NW2d 387 (2018). However, separate felonious acts that arise out of a single criminal episode can constitute a pattern of criminal activity for purposes of assessing points for OV 13. *People v Gibbs*, 299 Mich App 473, 488; 830 NW2d 821 (2013).

Hardwick argues that he did not commit three felonious acts within five years of the sentencing offense. We disagree. The sentencing offense is felonious assault, which is a crime against a person. See MCL 777.16d. Moreover, in 2020, Hardwick was convicted of two counts of receiving and concealing a motor vehicle, which are crimes against property. See MCL 777.16z. Thus, there are three crimes against a person or property within a five-year period. On appeal, Hardwick directs this Court to *Carll*, 322 Mich App 690, as support for his position that the receiving and concealing a motor vehicle crimes should only count as one felonious act. At sentencing, however, he admitted that he had stolen two mopeds. Thus, unlike the defendant in *Carll*, who had convictions stemming from one continuous act of reckless driving, *id*. at 693-694, Hardwick's convictions for receiving and concealing a motor vehicle stemmed from the theft of two separate mopeds on the same day. Therefore, his convictions of receiving and concealing a motor vehicle were properly considered as separate criminal acts for purposes of OV 13. Because the sentencing offense was part of a continuing pattern of criminal behavior involving one crime against a person and two crimes against property, the trial court did not clearly err by scoring OV 13 at ten points.

## III. HABITUAL-OFFENDER ENHANCEMENT

In a supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4, Hardwick argues that he is entitled to resentencing because the prosecutor failed to timely file a notice of its intent to seek to enhance defendant's sentence as a habitual offender. We disagree.

MCL 769.13, which addresses the required notice of intent to seek an enhanced sentence under the habitual-offender provisions, provides in relevant part:

> (1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under [MCL 769.10, MCL 769.11, or MCL 769.12], by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

"[T]he applicable time period for measuring the 21-day period begins with the date of defendant's *arraignment on the information* charging the underlying offense," which is the date of the arraignment on the indictment or information and not the date of the arraignment on the warrant or complaint. *People v Richards*, 315 Mich App 564, 588-589; 891 NW2d 911 (2016), rev'd in part on other grounds 501 Mich 921 (2017) (quotation marks and citation omitted).

At the sentencing hearing, Hardwick's lawyer stated that he was not "in the position where [he] could put before the Court that the habitual offender third notice was inadequate or deficient in any way." He explained that "[w]e did receive notice of it," and acknowledged that the habitual-offender notice was "filed within twenty-one days of the Circuit Court arraignment." Hardwick,

therefore, waived any objection to the notice of the habitual-offender enhancement. See *People v Kowalski*, 489 Mich 488, 504; 803 NW2d 200 (2011) (stating that "by expressly and repeatedly approving the jury instructions on the record, defendant waived any objection to the erroneous instructions, and there is no error to review"). Accordingly, there is "no error to review." *Id.*

Affirmed.

/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Thomas C. Cameron